## GRABUSH v. GOODMAN.

*(Supreme Court, General Term, First Department. June 19, 1888.)*

FRAUD—PLEADING AND PROOF—MUTUAL MISTAKE.

> Where the complaint, in an action to set aside an assignment of a judgment made by plaintiff to defendant, alleged actual fraud, in that defendant, aware of plaintiff's ignorance, fraudulently took advantage of it, and, by false and fraudulent representations, for his own use and advantage, procured plaintiff to make the assignment, without any consideration therefor, but the evidence utterly fails to sustain these allegations, relief cannot be granted on proof merely of mutual mistake of fact.[1]

Appeal from special term, New York county; MILES BEACH, Justice.

Action by Aaron Grabush against Jonas Goodman to set aside the assignment of a judgment by plaintiff to defendant on the ground of fraud. Judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Samuel G. Adams* and *Nathan Lewis,* for appellant. *Joseph E. Newburger,* for respondent.

---

[1] Under a bill in equity to reform an instrument on the ground of mistake, relief will not be granted on the ground of fraud, in the absence of a specific allegation. Fehlberg v. Cosine, (R. I.) 13 Atl. Rep. 110.

VAN BRUNT, P. J. This action was brought to set aside an assignment of a judgment made to the defendant by the plaintiff in June, 1887. The complaint alleged that a judgment for $1,029.42 was entered by confession on the 13th day of June, 1887, in favor of the plaintiff against one Pauline Cohen; that an execution was issued upon this judgment, and that there was realized thereon subsequently $740.99; that, the plaintiff being ignorant of the English language, and unfamiliar with the methods pursued in actions at law, the defendant, fraudulently taking advantage of the plaintiff's incapacity, procured him to sign an assignment of this judgment without any consideration whatever, falsely and fraudulently representing that it was necessary in order to protect the plaintiff's judgment, and that the defendant intends to use the same for his own benefit, and to the prejudice of the plaintiff; that the defendant, after receiving the said assignment, received from the sheriff $740.99 collected upon said judgment; that the plaintiff has demanded this sum, and a reassignment of the judgment, and judgment is asked declaring such assignment void; and that the defendant account for all moneys received.

It will be seen that the ground upon which this action is based is fraud, not even constructive fraud; but actual, positive fraud, the allegation being that the defendant, aware of the plaintiff's ignorance, fraudulently took advantage of it, and, by false and fraudulent representations, for the fraudulent purpose of using this judgment for his own advantage, procured the plaintiff to make this assignment. We have searched the record in vain for a *scintilla* of evidence to sustain this allegation. In the first place, the proof is that the plaintiff never saw or spoke to the defendant until after the assignment, and the defendant did not know of it until after it was made. If it be urged that although the plaintiff was ignorant of the procuring of the assignment until after it had been made, yet, it having been procured by the fraudulent representations of others, the defendant cannot enjoy the results and retain its benefits by a claim that it was unauthorized by him. It is sufficient to answer that there is no evidence to sustain the allegation that anybody else perpetrated a fraud or procured the assignment by fraudulent representations. The utmost that can be claimed from the testimony is that the parties were mistaken as to the amount which the property levied upon would realize at sheriff's sale. Even if this fact would be sufficient to relieve the plaintiff from the assignment, it is by no means sufficient to justify the branding of the defendant with fraud. The sole ground of the action was fraud, and fraud must be proved when the plaintiff comes into court and asks for relief because of a mutual mistake of fact. Then the court can determine the rights of the parties, but proof of such a fact cannot in any manner sustain the allegation of fraud contained in this complaint, which is the sole and only ground of relief. The learned counsel for the respondent seems only to claim that there was a mutual mistake in fact, and that therefore the plaintiff was entitled to the relief sought. The allegation being fraud, fraud must be proved, and no judgment for another reason can be sustained. The fact that all the parties were mistaken as to the amount to be realized upon the execution, which is all that is proved, affords no ground for the finding of the learned court that the assignment was procured by fraud. It might afford ground for equitable relief, but such relief would proceed upon entirely different lines in adjusting the rights of the parties from those which would be pursued if the charge of fraud had been established. The judgment of the court is founded upon fraud and if there is no proof to sustain this finding the conclusion founded upon it must necessarily fall. The counsel for the respondent urged that a conveyance or instrument from persons uninformed of their rights will be set aside, though no actual fraud be proved, a statement of the law in part correct; but where relief has been asked only upon the ground of actual fraud, no relief can be granted unless this allegation is sustained. The

counsel goes on to say that in these cases equity considers the instrument as obtained fraudulently from the circumstances and relations of the party, and cites several cases to support this proposition, not one of which sustains any such rule. In *Jackson* v. *King*, 4 Cow. 221, the statement in the language used by the counsel is found in the opinion of the court, but it evidently is intended to apply only to cases similiar to the one then under discussion, where the relations between the parties had been of an intimate character. In the case of *Boyd* v. *De La Montagnie*, 73 N. Y. 498, fraud was alleged. So in the case of *Rose* v. *Saunders*, 38 Hun, 575, and in the case of *Schwenck* v. *Naylor*, 102 N. Y. 683, 7 N. E. Rep. 788, and in *Gallatian* v. *Cunningham*, 8 Cow. 371, such a state of facts were developed as fraud must necessarily be inferred. The learned judge in the court below was evidently impelled towards the conclusion which he adopted by assuming that the arrangement between the parties was that out of the plaintiff's judgment were to be paid the whole of the expenses of the litigations, and the subsequent judgment creditors were to reap all the benefits. The evidence, however, shows that it was believed that, unless the replevin suits were defeated, little or nothing would be left for the plaintiff; that there would be enough, in any event, to satisfy the two judgments preceding the plaintiffs, and consequently the owners of these judgments had no interest in resisting the replevin suits, and the arrangement seems to have been that the judgments should be assigned to defendant, who should defend the replevin suits, and pay the expenses out of what was realized, distributing the balance among the judgment creditors in the order of their priority. If there was not enough to pay the plaintiff's judgment and expenses, then he would be paying the whole expenses, but not for the subsequent creditors, who could get nothing. If there was sufficient realized to pay the plaintiff's judgment and the expenses, then the plaintiff could be paid in full, and any overplus be paid to the subsequent judgment creditors. It necessarily followed that the plaintiff would first get the benefit of any increase of assets arising from the defeat of the replevin suits after the payment of the expenses, and that the litigations were to be conducted primarily for his benefit. There does not in all the evidence appear to be any testimony which supports the charge of fraud upon which relief was founded, and it follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event.

BRADY and DANIELS, JJ., concur.